UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JORDAN LEVY,<br><br>        Plaintiff,<br><br>    v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br><br>        Defendant. | Case No. 25-cv-04097-VKD<br><br>**ORDER RE PLAINTIFF'S MOTIONS FOR LEAVE TO FILE ADDITIONAL BRIEFING**<br><br>Re: Dkt. Nos. 26, 27, 28, 29 |

On June 12, 2025, plaintiff Jordan Levy filed a "supplemental" reply in response to defendant Capital One Financial Corporation's ("Capital One") sur-reply in support of its opposition to Mr. Levy's motion to remand. Dkt. No. 24. The Court struck the supplemental reply as Mr. Levy did not seek leave of the Court before filing this additional reply. Dkt. No. 25. Mr. Levy has now filed four motions for leave to file additional replies in response to Capital One's sur-reply. Dkt. Nos. 26, 27, 28, 29.

For the reasons explained below, the Court denies Mr. Levy's motions for leave. In addition, the submission at Dkt. No. 29, while styled as a motion for leave, appears to be an attempt to file an amended motion for remand. The Court strikes this motion as improper.

Each of Mr. Levy's motions for leave contain substantially duplicative, or at least overlapping, argument and/or information. Dkt. No. 26 requests leave to file an exhibit purporting to be a transcript of a voicemail Mr. Levy asserts he received from Capital One on May 8, 2025 as well as leave to file an additional brief containing arguments related to this voicemail. Dkt. No. 27 seeks leave to challenge the "five core arguments" that Mr. Levy asserts can be found in Capital One's sur-reply: (1) that Mr. Levy cited "'non-existent' or irrelevant cases" in his briefing; (2) that

service by mail of the removal papers was proper; (3) that Capital One's attempts at settlement were not made in bad faith; (4) that the equitable cases cited by Mr. Levy were irrelevant; and (5) that Mr. Levy offered no evidence to support bad faith by Capital One.  Mr. Levy wishes to rebut each of these arguments with his own arguments: (1) that incorrectly cited cases do not dimmish the fact that the "legal principle . . . is well established in case law; (2) that Capital One "intentionally minimiz[ed] notice" by choosing to mail the notice of removal only two days before a scheduled hearing; (3) that Capital One fraudulently used potential settlement communications to obtain Mr. Levy's address for the notice of removal; (4) that the cases he cited on equitable remand are relevant and "establish core equitable doctrines: courts can remand or sanction based on bad faith or manipulative litigation conduct"; and (5) that he has "produced a pattern of bad-faith conduct" and will file an exhibit purporting to be an outline of "a documented pattern of deceptive behavior and lawsuits" involving Capital One.  Dkt. No. 27 at ECF 3-4; Dkt. No. 27-1. 1.  Finally, Dkt. No. 28 seeks leave to file additional arguments relating to "a new and serious allegation"—i.e., that Capital One obtained his mailing address through fraudulent means.

Leave to file a sur-reply may be warranted "when a party raises a new argument or presents new evidence in a reply brief." *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014).  Here, however, Mr. Levy identifies no new argument or contention raised by Capital One in its sur-reply that could justify a further response from Mr. Levy (let alone three further responses).  First, Mr. Levy does not require an additional opportunity to discuss the case law he cited in his earlier submission, either as it relates to his arguments regarding removal of small claims actions or equitable remand.  The Court will review and consider the cases cited by both parties in its determination of Mr. Levy's motion to remand.

Second, Mr. Levy's proposed substantive counterarguments to Capital One's sur-reply simply reiterate points Mr. Levy has already briefed, either in his own reply brief or in his earlier filings.  *See* Dkt. No. 19 at ECF 3 ("Capital One's conduct shows a pattern of delay and deception: [1] [i]nitiated a misleading settlement call days before hearing, [2] misused that call to extract Plaintiff's address . . . ."); *id.* (asserting Capital One "[d]elayed mailing the removal until just before the hearing, causing default at the state court level"); *id.* at ECF 2 ("Capital One mailed the

1  removal notice . . . just two days before the scheduled May 14 hearing, and it was not received by
2  Plaintiff until after the hearing had passed.  Courts have found this kind of delay to be prejudicial
3  and invalid."); *id.* at ECF 3 ("[T]he court has discretion to remand for equitable reasons—
4  including: [1] delay, [2] bad faith, [3] prejudice to the plaintiff, and [4] violation of small claims
5  statutory structure."); *see also* Dkt. No. 13 at ECF 5 ("Service by mail was strategically delayed
6  until Sunday, May 12, less than 48 hours before a Tuesday morning court appearance, making it
7  impossible for Plaintiff to have received or reviewed the Notice in time."); *id.* ("Service that
8  reaches a party after the court hearing date is functionally equivalent to no service at all in this
9  context."); *id.* ("Capital One initiated a call under the guise of reaching a settlement, asked
10 Plaintiff to confirm his personal address by falsely claiming they could not identify the account,
11 then ceased communication."); *id.* at ECF 6 ("In addition to equitable considerations and judicial
12 economy, this Court has the inherent authority to remand cases where removal is used abusively
13 or in bad faith."); *id.* at ECF 5 ("Good faith implies an absence of intent to deceive or manipulate.
14 Capital One's conduct shows the opposite: a pattern of deceptive behavior specifically designed to
15 entrap Plaintiff procedurally and emotionally."); *id.* at ECF 6 ("Defendant's conduct—misusing
16 procedural rules to silence a pro se litigant and shift the case into a more burdensome forum—
17 constitutes an abuse of the judicial process."); *id.* ("Here, Defendant's removal is not grounded in
18 a sincere jurisdictional dispute, but rather in a calculated attempt to deny Plaintiff access to justice
19 by overwhelming him with complexity, delay, and fear.").

20      Finally, to the extent Mr. Levy claims to have identified "new" evidence, such as the May
21 8, 2025 voicemail (Dkt. No. 26-1) or "Capital One's history of fraud and customer deception,"
22 (Dkt. No. 27-1), such evidence is either not new or is not relevant to the arguments at hand.  First,
23 the May 8, 2025 voicemail has been referenced and discussed in Mr. Levy's prior filings.  *See*
24 Dkt. No. 13 at ECF 1 (On May 8, 2025—less than one week before the scheduled court date—
25 Defendant initiated contact via voicemail, urging Plaintiff to return the call to 'settle the matter
26 outside of court.' Upon returning the call immediately, Plaintiff was asked to confirm his address
27 under the false pretense that Capital One was unable to identify the correct account due to
28 confusion from the small claims filing."); *id.* at ECF 8 (On May 8, 2025, Capital One contacted

me by voicemail asking me to return their call to discuss a 'settlement.' When I returned the call, they falsely claimed they were unable to identify my account and asked for my address. I believe this was a false pretense to obtain service information."). Second, as to Capital One's purported pattern of behavior, there is no relevant link between the incidents highlighted and the alleged bad faith removal in this action. The incidents to which Mr. Levy refers concern prior investigations of "consumer finance abuses," and lawsuits alleging deceptive behavior by Capital One related to its consumers. Dkt. No. 27-1. The only justification offered by Mr. Levy is that "[t]hese actions are relevant to the instant case in establishing that Defendant's removal conduct may not be isolated but part of a broader strategic posture." *Id.* at ECF 1-2. While the Court makes no finding as to whether such "pattern evidence" may bear on the underlying merits of this action, this "evidence" has no bearing on whether Capital One properly removed this action.

Mr. Levy has had ample opportunity to brief his motion for remand, *see* Dkt. Nos. 11, 13, 19, and has not identified any circumstances warranting further relief. Accordingly, Mr. Levy's motions for leave (Dkt. Nos. 26-28) are denied, and his amended motion to remand (Dkt. No. 29) is stricken.

**IT IS SO ORDERED.**

Dated: June 17, 2025

Virginia K. DeMarchi
United States Magistrate Judge

4